UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| (1) THE UNITED STATES OF AMERICA § <br> For the Use and Benefit of § <br> HJD CAPITAL ELECTRIC, INC. § <br> § <br> v. § <br> § <br> (2) BARLOVENTO, LLC and § <br> (3) CONTINENTAL CASUALTY COMPANY § | CIVIL ACTION NO. 18-CV-00952 |

**Complaint**

Plaintiff, The United States of America, for the use and benefit of HJD Capital Electric, Inc. ("HJD"), for its complaint against Defendants Barlovento, LLC ("Prime Contractor") and Continental Casualty Company ("Surety"), states as follows:

### I.   Jurisdiction and Venue

1. Jurisdiction is conferred under 40 U.S.C. § 3131, as this is a civil action arising under the laws of the United States, commonly referred to as the Miller Act, 40 U.S.C. § 3131, et seq.

2. Venue is proper pursuant to 40 U.S.C. § 3133(b)(3)(B) because the Western District of Texas, San Antonio Division, is the federal district in which the contracts at issue in this case were to be performed.

3. Jurisdiction for additional actions contained within this pleading is conferred upon this Court under the doctrine of pendent jurisdiction and 28 U.S.C. § 1367(a) and pursuant thereto, HJD would show that, although its causes of action against Prime Contractor are separate and independent causes of action, they are based on substantially the same operative facts as HJD's Miller Act claim. As a matter of convenience and fairness to the parties hereto,

this Court should assume and exercise jurisdiction over all its claims asserted herein so that the whole case may be tried at one time.

## II.   Parties

4. The Plaintiff, HJD, is a corporation duly authorized and engaged in business under the laws of the State of Texas.

5. The Defendant, Prime Contractor, is a foreign limited liability company authorized to do business in Texas. Prime Contractor may be served with process by serving its agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

6. The Defendant, Surety, is an insurance company licensed and authorized to act as surety or guarantor of United States Miller Act bonds. Surety may be served with process by serving its agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## III.   Statement of Facts

7. This case arises from disputes in connection with a construction project commonly known as the Renovate Building 313 project at the Joint Base San Antonio Lackland facility located in San Antonio, Texas, believed to be federal project/contract no. FA3002-08-D-0015, Task Order TG13 (hereinafter called the "Project").

8. The United States Air Force ("Owner") entered into a contract with Prime Contractor whereby Prime Contractor agreed to perform the general construction work for the Projects.

9. Prime Contractor procured a payment bond in connection with the Project (the "Bond") from Surety. *See* attached Exhibit 1.

10. Prime Contractor entered into a subcontract with HJD whereby HJD furnished labor and/or materials to complete the electrical systems scope of work for Divisions 26, 27, and

28, including but not limited to temporary power and lighting and equipment hook up and related labor and materials ("Labor and Materials") on the Project for Prime Contractor in exchange for payment.

11. HJD has not been paid for the Labor and Materials provided to Prime Contractor in the amount of $489,239.91 for the Project. This is the balance due HJD for its work performed and unpaid on the Project after allowing for all credits and payments.

### IV. Claims against Prime Contractor and Surety

12. The allegations stated above are incorporated herein as if set forth in their entirety.

**Count 1 – Payment Bond Claim**

13. As the prime contractor on the Project, Prime Contractor procured payment bonds from Surety wherein Prime Contractor, as principal, and Surety, as surety, bound themselves jointly and severally for the protection of all persons supplying labor and material in the performance of the work on the Project.

14. HJD supplied its Labor and Materials as a first-tier subcontractor at the request of and by virtue of its agreement with Prime Contractor on the Project. After allowing appropriate credits and offsets, there remains unpaid to HJD the sum of $489,239.91 at the time of the institution of this suit for Labor and Materials it furnished as a first-tier subcontractor.

15. Prime Contractor and Surety have failed and refused to pay HJD the sum of $489,239.91 before the expiration of a period of ninety (90) days after the day on which the last of the Labor and Materials were furnished or supplied by HJD, for which claim is hereby made.

16. This suit has been commenced within one (1) year from the date upon which the last of the labor and material was supplied by HJD.

17. All of the Labor and Materials supplied by HJD on the Project to Prime Contractor were supplied within the Western District of Texas, San Antonio Division.

## V. Claims against Prime Contractor

18. The allegations stated above are incorporated herein as if set forth in their entirety.

**Count 2 – Breach of Contract/Substantial Completion**

19. As stated above, Prime Contractor and HJD had an agreement for HJD to provide Labor and Materials on the Project in exchange for payment.

20. HJD furnished the Labor and Materials described in its pay applications and diligently performed its obligations pursuant to its agreement with Prime Contractor. HJD's Labor and Materials conformed to the agreement of the parties.

21. Prime Contractor breached its contract with HJD by failure to pay HJD for the Labor and Materials it furnished.

22. HJD has suffered damages in the amount of at least $489,239.91 for the Labor and Materials it furnished for Prime Contractor in connection with the Project.

23. In the alternative, HJD avers that it substantially completed all its work for Prime Contractor according to the agreement of the parties. The reasonable and necessary cost of remedying minor defects or corrections to HJD's work (if any actually exist) is less than $500.00.

**Count 3 – Quantum Meruit**

24. In the alternative, HJD would show that HJD's above-described Labor and Materials were furnished for the benefit of Prime Contractor, either at its specific direct request

or with its knowledge and consent. Prime Contractor accepted and received said Labor and Materials with knowledge that HJD expected compensation from Prime Contractor therefor.

25. HJD's said Labor and Materials benefited Prime Contractor, and the reasonable value of the Labor and Materials furnished to Prime Contractor by HJD, which remain unpaid as of this date, is $489,239.91.

**Count 4 – Attorney's Fees**

26. HJD agreed to pay the undersigned attorneys a reasonable and necessary fee for their services and therefore seeks to recover such amounts from Prime Contractor pursuant to Texas Civil Practice and Remedies Code 38.001, et seq., and any other applicable law, for the preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal to the U. S. Circuit Court of Appeals and U. S. Supreme Court.

**Request for Relief**

WHEREFORE, The United States of America, for the use and benefit of HJD Capital Electric, Inc., prays for judgment against Defendants, jointly and severally, as set forth more specifically above, for damages in the principal amount of no less than $489,239.91, for pre- and post-judgment interest as allowed by law, together with costs, expenses, and reasonable attorney's fees as pleaded hereinabove.

Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212-3149
(210) 733-8191 – Telephone
(210) 733-5538 – Facsimile

By: */s/ Thomas J. Walthall, Jr.*
Thomas J. Walthall, Jr.
State Bar No. 20821600
twalthall@gardnertx.com
Steven K. Cannon
State Bar No. 24086997
scannon@gardnertx.com

**ATTORNEYS FOR HJD CAPITAL ELECTRIC, INC.**